UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| Christy K. Sweet, | Case No. 2:23-cv-00886-CDS-DJA |
| Plaintiff, | |
| v. | Order |
| Wesley F. Yamashita, | |
| Defendant. | |

Under 28 U.S.C. § 1915 Plaintiff is proceeding in this action *pro se* and has requested authority to proceed *in forma pauperis*. (ECF No. 1). Plaintiff also submitted a complaint. (ECF No. 1-1). Because the Court finds that Plaintiff's application is complete, it grants her application to proceed *in forma pauperis*. The Court also screens Plaintiff's complaint.

**I.    *In forma pauperis* application.**

Plaintiff filed the affidavit required by § 1915(a). (ECF No. 1). Plaintiff has shown an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted under 28 U.S.C. § 1915(a). The Court will now review Plaintiff's complaint.

**II.   Screening the complaint.**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint under § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly*, 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Under 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law. *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002). Whether federal-question jurisdiction exists is based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

### A. Plaintiff's allegations.

Plaintiff only includes one defendant in the caption: former Clark County Probate Commissioner Wesley Yamashita. However, in a section titled "Who," Plaintiff lists Blackrock Legal and its attorneys Michael Olsen, Thomas Grover, Keith Routsong, "and their associates and staffers"; Johnson and Johnson Law Office and its attorneys David Johnson and Ryan Johnson; the Nevada Commission on Judicial Discipline; and the State Bar of Nevada.[1] The Court liberally construes Plaintiff's complaint as listing these parties as Defendants. Plaintiff brings her claims under the Due Process Clause and Equal Protection Clause of the Fourteenth Amendment.

Plaintiff's claims arise out of a probate dispute regarding her late mother's estate. Plaintiff's mother—Marilyn Weeks Sweet ("Ms. Sweet")—passed away on February 4, 2020. Plaintiff alleges that Clark County Probate Court Commissioner Yamashita determined that Ms. Sweet's companion—Christopher Hisgen ("Mr. Hisgen"), now deceased—would receive Ms. Sweet's estate. Plaintiff asserts that the firm she hired to represent her in the probate matter— David Johnson and Ryan Johnson of the Johnson and Johnson law firm—committed malpractice. Plaintiff also alleges that she complained to the State Bar of Nevada about her attorneys, but the State Bar ignored her complaint.

Plaintiff alleges that, while considering the probate case, Commissioner Yamashita violated the judicial canon prohibiting independent investigations by having his staff "research the subject 'universal heir' in European law." Plaintiff also alleges that Commissioner Yamashita "ruled on an issue not before him" by ruling that Ms. Sweet's assets would go to Mr. Hisgen. When Plaintiff complained about Commissioner Yamashita to the Nevada Commission on Judicial Discipline, the Commission denied her complaint because it was outside of the statute of limitations. Plaintiff alleges that Blackrock Legal, Michael Olsen, Thomas Grover, Keith Routsong and their associates and staffers—who represented Mr. Hisgen—facilitated

---

[1] Plaintiff listed the "Nevada Bar Association." However, because Plaintiff alleges that she submitted a complaint regarding her attorneys to this party, and because the State Bar of Nevada regulates attorneys in Nevada, the Court liberally construes her complaint as referring to the State Bar of Nevada. *See* Nev. Sup. Ct. R. 76.

Commissioner Yamashita's violations. She also alleges that Blackrock legal and its attorneys are working with her sister to sell her mother's home (which had passed to Mr. Hisgen).

The Court finds that Commissioner Yamashita is judicially immune from Plaintiff's claims. Additionally, the Court finds that Blackrock Legal , Michael Olsen, Thomas Grover, Keith Routsong, Johnson and Johnson Law Office, David Johnson, Ryan Johnson, and the State Bar of Nevada were not acting under color of state law for the purposes of Plaintiff's Fourteenth Amendment claim brought under 42 U.S.C. § 1983. Finally, the Court finds that the Nevada Commission on Judicial Discipline is immune from Plaintiff's claims under the Eleventh Amendment. The Court thus dismisses Plaintiff's complaint without prejudice and with leave to amend.

### 1. Judicial immunity.

Judges and courts have absolute civil immunity for their judicial acts unless there is a "clear absence" of subject-matter jurisdiction. *Estes v. Gaston*, No. 2:12-cv-01853, 2012 WL 6645609, at *3 (D. Nev. Nov. 26, 2012) (citing *Stump v. Sparkman*, 435 U.S. 349, 356-58 (1978)). "Commissioners appointed to adjudicate a probate action are entitled to this same judicial immunity." *Gomez-Shaw v. White*, No. 23-cv-00575-PHX-JJT, 2023 WL 4899914, at *4 (D. Ariz. Aug. 1, 2023). Here, Plaintiff's allegations against Commissioner Yamashita involve judicial actions. While Plaintiff alleges that Commissioner Yamashita "ruled on an issue not before him," that ruling was ultimately to allocate the assets of Ms. Sweet's estate—the purpose of probate court—and thus, the Court does not find that Commissioner Yamashita acted in a clear absence of subject matter jurisdiction. Because Commissioner Yamashita is immune, the Court dismisses Plaintiff's claims against him.

### 2. Acting under color of state law.

Plaintiff sues the remainder of the Defendants under the Fourteenth Amendment's Due Process and Equal Protection Clauses. However, litigants who complain of a violation of a constitutional right do not have a cause of action directly under the United States Constitution. *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994) (affirming that it is 42 U.S.C. § 1983 that provides a federal cause of action for the deprivation of rights secured by the United States

Constitution); *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617-18 (1979) (explaining that 42 U.S.C. § 1983 was enacted to create a private cause of action for violations of the United States Constitution); *Azul-Pacific, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992) ("Plaintiff has no cause of action directly under the United States Constitution."). 42 U.S.C. § 1983 provides that,

> [e]very person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

But "'§ 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrong.'" *Sutton v. Providence St. Joseph Medical Center*, 192 F.3d 826, 835 (9th Cir. 1999) (quoting *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)).

Here, Plaintiff's claim under the Fourteenth Amendment fail as alleged against Blackrock Legal, Michael Olsen, Thomas Grover, Keith Routsong, Johnson and Johnson Law Office, David Johnson, Ryan Johnson, and the State Bar of Nevada because each of these defendants are private actors. Plaintiff has made no allegations that any of these defendants acted under color of state law. And the State Bar of Nevada is a public corporation. *See* Nev. Sup. Ct. R. 76. That does not necessarily mean that actions by the Bar or its members qualifies as state action for purposes of § 1983. *Cf. San Francisco Arts & Athletics, Inc. v. U.S. Olympic Committee*, 483 U.S. 522, 546-47 (1987) (finding that the government cannot be held liable for the independent decisions of public corporations); *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 350 (1974) (finding that the government cannot be held liable under § 1983 for the actions of private corporations providing public utilities, even where the corporation is heavily regulated by the government); *Peck v. United States*, No. 2:19-cv-01023-SAB, 2020 WL 957413, at *5 (D. Nev. Feb. 27, 2020), *aff'd sub nom. Peck v. Dorsey*, No. 20-15569, 2020 WL 9073359 (9th Cir. Oct. 28, 2020) (finding that members of the State Bar of Nevada did not act under color of state law for the purposes of a § 1983 claim solely by virtue of their membership with the State Bar). The Court thus dismisses Plaintiff's Fourteenth Amendment claims brought against Blackrock Legal, Michael Olsen,

Thomas Grover, Keith Routsong, Johnson and Johnson Law Office, David Johnson, Ryan Johnson, and the State Bar of Nevada.

        3.        <u>Eleventh Amendment immunity.</u>

Plaintiff's Fourteenth Amendment claim against the Nevada Commission on Judicial Discipline fails because "[t]he Eleventh Amendment prohibits lawsuits against a state or its agencies in federal court unless the state consents to waiver of its immunity." *Halverson v. Nevada Commission on Judicial Discipline*, No. 2:08-cv-1006-RCJ-LRL, 2009 WL 10708909, at *3 (D. Nev. March 26, 2009). Although Plaintiff brings a § 1983 claim against the state agency of the Commission, the claim does not override the state's Eleventh Amendment immunity. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (explaining that "[s]tates are protected by the Eleventh Amendment while municipalities are not" and "governmental entities that are considered 'arms of the State'" are immune under the Eleventh Amendment); *Quern v. Jordan*, 440 U.S. 332, 345 (1979). Nevada Revised Statute 41.031(3) preserves Nevada's Eleventh Amendment immunity. The Commission has been recognized as an agency and/or department of the State of Nevada on numerous occasions. *See, e.g.*, *Salman v. State of Nev. Comm'n on Judicial Discipline*, 104 F. Supp. 2d 1262, 1267 (D. Nev. 2000). The Court thus dismisses Plaintiff's Fourteenth Amendment claims brought against the Nevada Commission on Judicial Discipline.

Because the Court has dismissed each of Plaintiff's claims, the Court dismisses Plaintiff's complaint without prejudice. This means that Plaintiff has leave to amend her complaint to the extent she believes she can correct the noted deficiencies.

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is **granted.** Plaintiff shall not be required to pre-pay the filing fee. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

1  **IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to file Plaintiff's
2  complaint (ECF No. 1-1) on the docket but shall not issue summons.

3  **IT IS FURTHER ORDERED** that Plaintiff's complaint is dismissed without prejudice
4  and with leave to amend.

5  **IT IS FURTHER ORDERED** that Plaintiff shall have until **October 30, 2023** to file an
6  amended complaint to the extent she believes she can correct the noted deficiencies. If Plaintiff
7  chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior
8  pleading (i.e., the original complaint) to make the amended complaint complete. This is because,
9  generally, an amended complaint supersedes the original complaint. Local Rule 15-1(a) requires
10 that an amended complaint be complete without reference to any prior pleading. Once a plaintiff
11 files an amended complaint, the original complaint no longer serves any function in the case.
12 Therefore, in an amended complaint, as in an original complaint, each claim and the involvement
13 of each Defendant must be sufficiently alleged.

15 DATED: September 29, 2023

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE