UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Christy K. Sweet,<br><br>                    Plaintiff,<br><br>     v.<br><br>Wesley F. Yamashita,<br><br>                    Defendant. | Case No. 2:23-cv-00886-CDS-DJA<br><br>**Order** |

Before the Court is Plaintiff Christy K. Sweet's motion to amend her complaint (ECF No. 7) and response to the Court's order to show cause (ECF No. 8). The Court finds Plaintiff's response to its order to show cause to be a sufficient response. (ECF No. 8). However, because Plaintiff's proposed amendment would be futile, the Court denies her motion to amend and will give Plaintiff one more opportunity to amend her complaint. (ECF No. 7).

**I.      Legal standard for amendment.**

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). There is a strong public policy in favor of permitting amendment. *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999). The Ninth Circuit has made clear that courts should apply Rule 15(a) with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). "The court considers five factors [under Rule 15] in assessing the propriety of leave to amend—bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011).

## II. Discussion.

In her motion to amend,[1] Plaintiff sues a single Defendant: former Clark County Probate Commissioner Wesley Yamashita. (ECF No. 7 at 1). Plaintiff brings her claims under the Due Process Clause and Equal Protection Clause of the Fourteenth Amendment. (*Id.*). However, Plaintiff's proposed amendment fails for the same reasons as her previously-alleged claims against Commissioner Yamashita: because he is an immune defendant.

Plaintiff's allegations against Commissioner Yamashita concern his actions when presiding over Plaintiff's late mother's probate action during a November 13, 2020 hearing. (*Id.* at 3-4). Plaintiff alleges that Commissioner Yamashita researched an issue not before him and then ruled on that issue, which Plaintiff asserts was improper for him to do. (*Id.* at 5). But, as the Court previously noted, "[c]ommissioners appointed to adjudicate a probate action are entitled to th[e] same judicial immunity," as judges and courts. *Gomez-Shaw v. White*, No. 23-cv-00575-PHX-JJT, 2023 WL 4899914, at *4 (D. Ariz. Aug. 1, 2023). Plaintiff's allegations against Commissioner Yamashita involve judicial actions for which the Commissioner is immune. The Court thus denies Plaintiff's motion to amend her complaint because her amendment would be futile.

The Court will give Plaintiff one more chance to amend. If Plaintiff chooses to amend her complaint, she need not file a motion to amend because the Court has granted her leave to do so in this order. Plaintiff may simply file her amended complaint. After Plaintiff files her amended complaint, the Court will screen it under 28 U.S.C. § 1915(e)

**IT IS THEREFORE ORDERED** that Plaintiff's motion to amend (ECF No. 7) is **denied.**

**IT IS FURTHER ORDERED** that Plaintiff shall have until **May 23, 2024** to file an amended complaint to the extent she believes she can correct the noted deficiencies. If Plaintiff

---

[1] The Court notes that Plaintiff has not followed Local Rule 15-1(a) by attaching her proposed amended complaint to her motion to amend. However, the Court liberally construes Plaintiff's filing and considers her motion as incorporating her proposed amendments.

chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) to make the amended complaint complete. This is because, generally, an amended complaint supersedes the original complaint. Local Rule 15-1(a) requires that an amended complaint be complete without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged. **Failure to comply with this order may result in a recommendation to the district judge that this case be dismissed.** The Clerk of Court is kindly directed to send a copy of this order to Plaintiff.

DATED: April 23, 2024

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE