# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Christy K. Sweet,<br><br>    Plaintiff,<br><br>v.<br><br>Wesley F. Yamashita,<br><br>    Defendant. | Case No. 2:23-cv-00886-CDS-DJA<br><br>**Report and Recommendation** |

Before the Court is Plaintiff Christy K. Sweet's amended complaint. (ECF No. 11). Because Plaintiff is proceeding without paying the filing fee, the Court screens her complaint under 28 U.S.C. § 1915. Because Plaintiff fails to state a claim upon which relief can be granted for the third time, the Court recommends dismissing Plaintiff's amended complaint without leave to amend.

**I. Legal standard for screening.**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint under § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of

the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly*, 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Under 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law. *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002). Whether federal-question jurisdiction exists is based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under 28 U.S.C. § 1332(a), federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states." Generally speaking, diversity jurisdiction exists only where there is "complete diversity" among the parties; each of the plaintiffs must be a citizen of a different state than each of the defendants. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

**II.     Screening the complaint.**

In her amended complaint, Plaintiff sues former Clark County Probate Commissioner Wesley Yamashita.  (ECF No. 11).  This is Plaintiff's third attempt to raise these claims.  (ECF No. 1) (Plaintiff's complaint); (ECF No. 7) (Plaintiff's motion to amend).  However, her amended complaint fails to state a claim for the same reason as her prior two attempts: Commissioner Yamashita is immune from her claims against him.

Plaintiff's allegations against Commissioner Yamashita concern his actions when presiding over Plaintiff's late mother's probate action during a November 23, 2020 hearing.  (ECF No. 11 at 3-4).  Plaintiff alleges that Commissioner Yamashita accepted a foreign will without a trial, ruled on an issue not before him, and independently investigated an issue by having his staff research the "universal heir" topic in European law.  (*Id.* at 3, 5, 8).[1]  Plaintiff also alleges that Commissioner Yamashita failed to certify a correct English translation of the will.  (*Id.* at 9).  But, as the Court previously noted, "[c]ommissioners appointed to adjudicate a probate action are entitled to th[e] same judicial immunity," as judges and courts.  *Gomez-Shaw v. White*, No. 23-cv-00575-PHX-JJT, 2023 WL 4899914, at *4 (D. Ariz. Aug. 1, 2023).  Plaintiff's allegations against Commissioner Yamashita involve judicial actions for which the Commissioner is immune.  Because Plaintiff has attempted to amend her claims twice before and has been unable to successfully amend her complaint, and because her proposed amended claims are futile, the Court will recommend dismissal of her complaint without leave to amend.  *See U.S. ex rel. Lee v. SmithKline Beecham, Inc.*, 245 F.3d 1048, 1052 (9th Cir. 2001) (stating that, in assessing whether leave to amend is proper, courts consider "the presence or absence of undue delay, bad faith, dilatory motive, *repeated failure to cure deficiencies by previous amendments*, undue prejudice to the opposing party[,] and *futility of the proposed amendment*.") (emphasis added).

---

[1] Plaintiff alleges other facts related to her former attorneys and the Nevada Commission on Judicial Discipline.  But Plaintiff does not list these parties as defendants, so the Court does not analyze these facts.

**RECOMMENDATION**

**IT IS THEREFORE RECOMMENDED** that Plaintiff's amended complaint (ECF No. 11) be **DISMISSED without prejudice and without leave to amend.**

**NOTICE**

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within (14) days after service of this Notice. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985), *reh'g denied*, 474 U.S. 1111 (1986). The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED: August 26, 2024

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE