UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Christy K. Sweet,

        Plaintiff

v.

Wesley F. Yamashita,

        Defendant

Case No. 2:23-cv-00886-CDS-DJA

**Order Adopting Magistrate Judge's Report and Recommendation, Mooting Plaintiff's Motion for Hearing and Closing the Case**

[ECF Nos. 12, 13]

      Magistrate Judge Daniel Albregts issued a report and recommendation ("R&R") that I dismiss this case for plaintiff Christy Sweet's failure to state a claim upon which relief can be granted. R&R, ECF No. 13. As this was Sweet's third time amending her complaint to no avail, the R&R also recommends that I dismiss the case without leave to amend. Sweet had until September 9, 2024, to file any objections to the R&R. *Id.* at 4 (citing LR IB 3-2(a) (stating that parties wishing to object to an R&R must file objections within fourteen days)); *see also* 28 U.S.C. § 636(b)(1)(C) (same). As of the date of this order, Sweet has failed to do so. "[N]o review is required of a magistrate judge's report and recommendation unless objections are filed." *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003); see also *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). As no objections have been filed, I adopt the R&R in full.

      Prior to Judge Albregts' issuance of the R&R, Sweet had filed a motion for a hearing. ECF No. 12. However, because I adopt the R&R in full and dismiss Sweet's amended complaint, the motion for a hearing is denied as moot.[1] Further, because Sweet has already attempted to amend her complaint twice[2] and has been unsuccessful, I dismiss this complaint without leave

---

[1] Because plaintiff is pro se, her filings are be construed liberally, so the court reviewed Sweet's motion for a hearing and determined that no hearing was necessary.

[2] *See* ECF No. 1 (plaintiff's original complaint), ECF No. 7 (plaintiff's motion to amend).

to amend as it would be futile. *See U.S. ex rel. Lee v. SmithKline Beecham, Inc.*, 245 F.3d 1048, 1052 (9th Cir. 2001) (explaining that when assessing whether leave to amend is proper one of the factors courts consider is "repeated failure to cure deficiencies by previous amendments") (internal quotation omitted).

## Conclusion

It is therefore ordered that Judge Albregts' report and recommendation **[ECF No. 13] is adopted** in its entirety. This action is now dismissed without prejudice and without leave to amend. Further, Sweet's motion for a hearing **[ECF No. 12] is denied as moot.**

The Clerk of the Court is kindly instructed to enter judgment accordingly and close the case.

Dated: October 4, 2024

_____
Cristina D. Silva
United States District Judge

2